# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

TRAVIS D. WILLIAMS,

                      Plaintiff,                        OPINION AND ORDER

    v.

                                                        16-cv-474-wmc

DR. SALAM SYED, et al.,

                      Defendants.

---

Plaintiff Travis D. Williams, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983. In his 80-page complaint, Williams names 57 defendants. Since filing his complaint, he filed a Motion for Leave to Amend Complaint into Four Separate Complaints (dkt. #14), and a Motion for Preliminary Injunction (dkt. #18). Williams has already been granted leave to proceed *in forma pauperis* and made an initial partial payment of the filing fee. The next step normally would be to permit him to amend his complaint and then screen it as required by 28 U.S.C. § 1915A, but because Williams' complaint so clearly violates Rule 20 of the Federal Rules of Civil Procedure, the court will instead grant his motion to amend, instruct him on how he may proceed, and deny his motion for preliminary injunction without prejudice.

As Williams acknowledges in his motion to amend, his complaint contains multiple, unrelated claims against different defendants. Accordingly, Williams must choose which lawsuit he wishes to pursue as Case No. 16-cv-474. Once Williams has made his selection, the court will then screen that action under § 1915A. The other,

unrelated claims will be dismissed without prejudice, permitting Williams to pursue them in separate lawsuits.

CLAIMS

Williams is presently confined at the Columbia Correctional Institution ("CCI"). For the most part, the named defendants are medical personnel and officials employed by the DOC at CCI, Waupun Correctional Institution, Dodge Correctional Institution and in Madison, Wisconsin. He also names medical personnel at private institutions located in Ohio, Pennsylvania and Wisconsin.

Williams seeks to bring claims under the First, Fourth, Eighth, Eleventh and Fourteenth Amendments, the Americans with Disabilities Act and Rehabilitation Act, as well as state negligence and malpractice law. His claims appear to arise from: (1) treatment related to his physical and psychological problems while he was incarcerated at Dodge and CCI from 2014 to present, (2) his transfer from Dodge to CCI, (3) the manner in which various DOC employees handled his inmate complaints, (4) his ability to pursue civil lawsuits, (5) the conditions of his cell and (6) denial of his requests to see a Jehovah's Witness clergy member.

OPINION

Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. More specifically, multiple defendants may not be joined in a single action unless: (1) the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or

occurrence, or series of transactions or occurrences; *and* (2) presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If the requirements of Rule 20 are satisfied, then a plaintiff may join additional, unrelated claims against those same defendants under Fed. R. Civ. P. 18(a).

Williams' complaint unquestionably violates Rule 20 because it includes at least six unrelated claims against multiple, unrelated groups of defendants and at least two different facilities over a period of at least two years. As a result, the court will permit Williams to file an amended complaint in this lawsuit, but he will be limited to just that: one amended complaint. Therefore, in filing an amended complaint, Williams will have to choose which *related* claim or claims he wants to pursue in this case, and the court will apply Williams' initial, partial payment and assign this case number to only that complaint.

Williams may, of course, choose to pursue the other unrelated claims as well, but must do so separately, paying a separate filing fee for *each* lawsuit he chooses to pursue. In addition, he may be subjected to a separate strike under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted. Once a prisoner receives three strikes, he is not able to proceed with new lawsuits without first paying the full filing fee, except under very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, Williams may choose to dismiss some or all of the other unrelated claims. If he chooses this route, Williams will not owe an additional filing fee or face a strike for those claims. A lawsuit dismissed voluntarily would also be dismissed without

3

prejudice, so Williams could bring it at another time, so long as he files it before any applicable statute of limitations has run.[1]

Because Williams faces filing fees and potential strikes for each lawsuit pursued, he should obviously consider carefully the merits and relative importance of each of his claims and potential lawsuits before choosing to proceed with respect to some or all of them. Williams should also be aware that because it is not clear at this time which of his separate lawsuits he will pursue, the court has *not* assessed the merits of *any* of the claims. Once Williams identifies the suit or suits he wants to continue to pursue, the court will screen the applicable claim(s) as required under 28 U.S.C. § 1915A.

If Williams disagrees with the court's conclusion that his complaint violates Rule 20, he may raise any objections in his response, but he *must* still comply with this order and choose which of the lawsuits he wishes to pursue in *this* case. If he fails to do so, the court will dismiss *all* of his claims for failure to prosecute.

Williams should also take care in filing his amended complaint. Beyond narrowing the complaint to only those claims that arise from the same transaction or occurrence or involve the same question of law, Williams should make his complaint legible *and* straightforward, so that the court and any potential defendants can understand and respond to it. In particular, he should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. He

---

[1] The running of the statute of limitations would likely be deemed tolled from the filing of this lawsuit until the dismissal of the claim, but will begin to run again upon dismissal.

4

should take care to identify the specific actions taken by each defendant that he believes violated his rights. Williams should also explain *specifically* what relief he is seeking so that the court may determine whether it has subject matter jurisdiction over his claims. Williams should also set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

Finally, Williams requests a preliminary injunction related to various, unrelated claims for relief. To prevail on such a motion, a plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *See Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). As it is unclear which claim(s) Williams will pursue in this lawsuit, the court must deny this motion, albeit without prejudice. Given that Williams does includes allegations that he is currently in pain due to headaches and a cyst in his testicle, he may renew his motion if his pain is ongoing *and* he is in imminent danger of serious harm. If he does so, in addition to following this court's procedures for seeking a preliminary injunction that are attached to this opinion, Williams should be careful to pursue in his amended complaint claims that would support the injunctive relief he is seeking.

ORDER

IT IS ORDERED that:

1) Plaintiff Travis Williams' Motion for Leave to Amend Complaint (dkt. #14) is GRANTED.

2) Plaintiff's Motion for Preliminary Injunction (dkt. #18) is DENIED without prejudice.

3) Williams may have until **July 21, 2017**, to file an amended complaint that complies with the requirements of this order and Fed. R. Civ. P. 20 as set forth in this opinion.

4) Williams may also have until **July 21, 2017,** to advise the court whether he wishes to pursue any of his other, unrelated claims in other lawsuits under separate case numbers. Any unrelated claims not specifically identified to proceed in a separate lawsuit will be deemed voluntarily withdrawn.

5) Should Williams fail to respond to this order by **July 21, 2017**, the court will enter an order dismissing this lawsuit as a whole without prejudice for failure to prosecute.

Entered this 29th day of June, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge