IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRAVIS D. WILLIAMS,

      Plaintiff,      OPINION AND ORDER

 v.

                     16-cv-474-wmc

DR. SALAM SYED, et al.,

      Defendants.

---

  Plaintiff Travis D. Williams, who is currently incarcerated at the Wisconsin Secure Program Facility ("WSPF") is proceeding against defendants, all employees at Columbia Correctional Institution ("Columbia"), where Williams was incarcerated previously, on First, Eighth and Fourteenth Amendment claims related to his medical care and placement within the prison. Currently Williams has three motions pending before the court that this opinion resolves: (1) motion for reconsideration (dkt. #46), which will be granted; (2) a motion for assistance in recruiting counsel (dkt. #51), which will be denied without prejudice; and (3) a motion for an extension of time (dkt. #65), which will be granted.

I.  **Motion for Reconsideration (dkt. #46)**

  In this motion, Williams seeks reconsideration of the court's dismissal of one of the named defendants, Candace Warner. In screening Williams' amended complaint (dkt. #24), the court previously dismissed Warner as a defendant for lack of personal involvement in his medical care, since Warner's only involvement in his treatment was a July 14, 2016, meeting in which she indicated that she would make appointments for him,

and Williams had not pled that Warner did not follow up. (6/11/18 Order (dkt. 30) at 14-15.) Now Williams seeks reconsideration of that order, alleging that Warner had actually (1) delayed that July 2016 meeting for several months and ignored his complaints about testicle pain from March 2016 to August 2016, and (2) cancelled several urology appointments following that meeting. In light of these allegations, the court will grant Williams' motion and allow him to proceed against Warner for her alleged involvement in failing to respond to his reports of testicle pain between March and August of 2016, and for allegedly cancelling his urology appointments following the July 2016 meeting.

II. Motion for Assistance in Recruiting Counsel (dkt. #51)

Next, Williams' seeks assistance in recruiting counsel. A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel and that he made reasonable efforts on his own to find a lawyer to represent him. Williams has already satisfied these requirements.

However, Williams has not shown that this is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se

plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. Accordingly, the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Williams claims that he needs counsel to assist him at this stage because he is severely mentally ill, his confinement at WSPF is extremely restrictive and his claims will require expert testimony. Nearly all pro se litigants are untrained in the law and many of them are raising issues about medical care. There is no categorical rule that all prisoners challenging the adequacy of their medical care are entitled to counsel. *See Williams v. Swenson,* 747 F. App'x 432, 434 (7th Cir. 2019) (affirming district court's denial of request for counsel in medical care case); *Dobbey v. Carter*, 734 F. App'x 362, 364 (7th Cir. 2018) (same); *Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010) (same). The law governing his claim is well established and was explained to him in the screening order, and at this point, it is not clear yet whether the case will turn on questions requiring medical expertise. *See Redman v. Doehling,* 751 F. App'x 900, 905 (7th Cir. 2018) ("Redman could litigate his claims himself because they turned on historical facts as opposed to medical evidence").

As to Williams' mental health issues, while the court does not underestimate the challenges posed by his mental illness, Williams' filings in this case, as well as his

3

communications with counsel and discovery requests, suggest that his mental illness has not prevented him from engaging in discovery. While Williams' requests may have been broad, his communications with counsel suggest that he understands the nature of his claims and that he is enthusiastic about pursuing them. Furthermore, his filings suggest that he is capable of reviewing this court's orders. Accordingly, the court is not persuaded that Williams cannot continue to litigate this lawsuit without the assistance of an attorney. That said, if any of his claims survive summary judgment and he proceeds to trial, Williams may renew his motion at that time, provided that he provides a detailed explanation of how the claims proceeding to trial are too complex for him to litigate on his own.

III.    **Motion for Extension of Time (dkt. #65)**

Finally, Williams most recently filed a motion for an extension of the May 3, 2019, dispositive motion deadline. While Williams is requesting an extension until October 15, 2019, that much time is unnecessary for him to prepare a motion for summary judgment. However, since the court is now allowing Williams to proceed against an additional defendant, Warner, it is fair to give the parties some additional time to prepare dispositive motions. Accordingly, I will extend the dispositive motion deadline to **June 7, 2019**.

ORDER

IT IS ORDERED that:

1) Plaintiff Travis Williams' motion for reconsideration (dkt. #46) is GRANTED, and plaintiff is GRANTED leave to proceed on Eighth Amendment deliberate indifference and negligence claims against defendant Candace Warner for her involvement in responding to his complaints about testicle pain between March

and August of 2016, and for her alleged cancelling of his urology appointments in 2016.

2) The attorney general's office may have until **May 1, 2019**, to indicate whether it accepts service on behalf of defendant Candace Warner and to file an amended answer.

3) Plaintiff's motion for assistance in recruiting counsel (dkt. #51) is DENIED without prejudice.

4) Plaintiff's motion for extension of time (dkt. #65) is GRANTED, as provided above.

Entered this 10th day of April, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge