IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRAVIS D. WILLIAMS,

                Plaintiff,               OPINION AND ORDER

v.

                                        16-cv-474-wmc

DR. SALAM SYED, et al.,

                Defendants.

---

      Plaintiff Travis D. Williams, is proceeding against defendants, all employees at Columbia Correctional Institution ("Columbia") on First, Eighth and Fourteenth Amendment claims related to his medical care and placement within the prison. Williams has filed a second motion to compel (dkt. 81), complaining about defendants' more recent responses to his discovery requests, and he also renews his request for assistance in recruiting counsel (dkt. 80). For the reasons that follow, I am denying the motion to compel, and I am denying without prejudice his request for assistance in recruiting counsel.

## I.    Motion to Compel (dkt. 81)

      Williams requests four categories of documents: (1) the Health Services Unit ("HSU") medication delivery policy sent to housing units in 2015, 2016, and 2017; (2) logs related to medication deliveries in 2015, 2016, and 2017; (3) his behavior log report from Columbia Correctional Institution; and (4) a Dodge Correctional Institution 2015 staffing report for non-defendant social worker Hoover.

Defendants oppose the motion on two grounds. First, they argue that the motion should be denied for his failure to meet and confer as required by Federal Rule of Civil Procedure 37(a). My review of the parties' correspondence leading up to Williams motion indicates that while Williams may have requested a conference call about his objections to defendants' responses to his ninth request for production, Williams never actually specified what he was objecting to before filing this motion.

More substantively, defendants' responses to Williams's requests for the four categories of documents have been adequate. Defendants represent that they already produced documents responsive to paragraphs 1 and 2 (*see* Ex. 1006 (dkt. 84-7) at 109-121; Ex. 1007 (dkt. 84-8) at 2572-2671); the documents Williams requested in paragraph 3 do not exist; and the documents he requested in paragraph 4 are not relevant. Williams has no real opposition to defendants' responses related to paragraphs 1, 2 and 3 of his motion. Instead, in his reply he argues more broadly about how defendants have been responding to his various other discovery requests, complaining that he's been receiving irrelevant documents in response to his discovery requests during this lawsuit. These arguments, unmoored to any of the specific categories in the pending motion, do not contradict defendants' valid bases to decline to produce additional documents.

As for paragraph 4, I agree with defendants that records related to the staffing at Dodge Correctional Institution in 2015 are not relevant to Williams' claims against the defendants (all Columbia employees) in this lawsuit. While Williams argues that his time at Dodge is relevant insofar as staff there concluded that he suffers from a handicap, he

still does not explain why the employment records of Hoover would be relevant to his claims. As such, I will not require defendants to turn over documents related to Hoover.

Defendants have produced thousands of pages of documents related to Williams's physical and mental health care, defendants' employment, and various institution and Wisconsin Department of Corrections policies. Williams likely will remain dissatisfied with what he has received from defendants, but the court cannot compel defendants to produce documents that do not exist, nor will the court grant Williams unfettered access to materials irrelevant to his claims. Accordingly, the motion is denied.

II. **Renewed Motion for Assistance in Recruiting Counsel (dkt. 80)**

Williams seeks reconsideration of my previous order denying his request for recruitment of counsel. He argues that my prior decision denying this request was biased against him, and he repeats that he needs counsel to assist him in conducting discovery, and because his conditions are severely restrictive (and have recently included a several-day power outage). I already have explained to Williams that a pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but that a district court has discretion to assist pro se litigants in finding a lawyer to represent them when the legal and factual difficulty of the case exceeds their ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 649, 654-55 (7th Cir. 2007).

I am denying Williams's renewed motion, again without prejudice. To start, I have no bias against Williams. Rather, in reviewing his filings and the nature of his claims, I have concluded that he is capable of representing himself because he understands the

3

applicable legal standards, he has actively engaged in discovery, and he can adequately communicate with the court and defense counsel. Williams's filings related to the motion to compel in particular show that he understands the requirements of discovery and motion practice, and he understands the nature of his claims and has been able to absorb and respond to this court's orders. Williams repeats his concern that various documents have been stolen from him, complaining that I previously ignored this fact and he still needs to recover the stolen documents. As with his motion to compel, Williams has not specified exactly how these missing documents actually affect his ability to litigate his case. The fact that defendants have produced several thousand pages of documents directly responsive to his discovery requests suggests that this concern is unfounded or irrelevant. Williams has a significant amount of documentation that should help him prove his claims, or at least sufficient information to respond to defendants' motion for summary judgment.

I understand that Williams is frustrated by this result, so here is some context for my denial. Each year more than 300 lawsuits are filed in this district by pro se plaintiffs, the majority of whom are in state custody. In contrast, only about 30 lawyers have the time, willingness, and expertise in civil rights litigation to accept appointments, but not all of them volunteer to handle one new case a year. For example, between 2016 and 2017, the court was able to locate approximately 17 volunteer lawyers to represent pro se litigants. In doing so, those lawsuits were delayed significantly, since even a simple case is stayed for months while the court recruits counsel for them. To be sure, the court continues to do its best to find new ways to recruit counsel, but the pro se litigants requesting counsel far exceed the number of attorneys available to fill that need. I am not

convinced that Williams needs an attorney to conduct discovery for him or to handle the dispositive motion phase of this lawsuit. If any of his claims survive summary judgment and he proceeds to trial, then Williams may renew his motion at that time. So that there is no misunderstanding, many pro se prisoner plaintiffs do end up representing themselves at jury trials on their lawsuits. We will see what happens in this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Travis Williams' motion to compel (dkt. 81) is DENIED.
2. Plaintiff's renewed motion for assistance in recruiting counsel (dkt. 80) is DENIED without prejudice.

Entered this 25th day of June, 2019.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge